AYRES, Judge.
This is an action, ex delicto, by plaintiff, Donald Ray Price, against defendants, Nathan Parker and Gerald R. Rushton, wherein plaintiff seeks to recover damages to his automobile sustained in a collision with a mare owned by Parker and kept in a pasture leased by Rushton from the Slattery Estate. The accident occurred on Linwood Road south of Shreveport, Louisiana.
As grounds for recovery plaintiff alleged the mare was running at large on the public highway, in violation of the provisions of a Caddo Parish Police Jury ordinance, due to the negligence of defendants to properly maintain the barbed-wire fence enclosing the pasture where the mare was usually confined. Plaintiff also alleged he could not avoid hitting the mare. Both defendants denied any negligence and alternatively averred that the accident was caused by plaintiff’s own negligence. Parker reconvened for the value of the mare killed in the wreck.
Judgment was rendered rejecting the demands of both plaintiff and plaintiff-in-re-convention. Plaintiff-in-reconvention, Nathan Parker, neither appealed nor answered the appeal. Hence, the judgment against him is final. The plaintiff alone has taken this appeal.
The accident occurred about 2:20 p. m. on November 21, 1969. At the site of the accident Linwood Road is a 2-lane blacktop road running north and south. The evidence established that Rushton leased the pasture which abuts Linwood Road at the point of the accident. Parker purchased the mare from Rushton and left her in the pasture with another horse belonging to Rushton.
The record reveals that Rushton and a passenger in his vehicle, George W. Johnson, passed the pasture on their way to work and noticed the mare was out of the enclosure. Rushton parked his truck on the right, or east, side of the highway, and both men got out and attempted to lure the mare back into the pasture through a gate or gap in the fence. Another witness, Mrs. Angelo Bindo, was returning home in her empty school bus at the time of the accident. She testified she was traveling north on Linwood Road and noticed a Volkswagen following her trying to pass. There were several curves and bridges in that part of the road, and she turned on her flasher warning lights to warn the driver of the danger of passing. She saw the mare in the road and stopped the bus in her proper lane of travel. At this point *620 the plaintiff passed the bus and, upon reentering his lane, struck the mare, which was standing across the northbound lane with its hind feet close to the shoulder of the road. Plaintiff was traveling 45 to 55 miles per hour as he passed the bus. Both Rushton and Johnson testified they tried to warn plaintiff of the danger by waving their hands and shouting.
Appellant relies upon the testimony of several witnesses that the pasture fence was in a deplorable condition and was insufficient to contain livestock within its bounds. Plaintiff testified he never saw the flasher warning lights on the school bus, and that, although he looked down the road before starting to pass, he did not see either the mare or the two men trying to catch her until the moment of the collision.
The trial judge concluded plaintiff was guilty of contributory negligence. Even if the truth of plaintiff’s allegations and testimony of his witnesses as to the negligent maintenance of the fence be conceded, his own negligent’ behavior will bar his recovery. Price’s own testimony reveals that before passing the bus he could see quite a distance down the road; nevertheless he failed to notice the dangerous situation created by the mare’s presence in the highway. Also, a careful driver would have noticed the flasher lights on the bus and refrained from passing, particularly since the bus had stopped or slowed to a near stop. The occurrence of the accident can only be attributed to plaintiff’s failure to maintain a proper lookout. His failure to see the flashing signals of the school bus in a stopped or near-stopped position, to see and heed the warnings of Rushton and Johnson, and to see the horse in the highway constituted the grossest negligence, a direct, contributing factor in the occurrence or cause of the accident.
We agree with the conclusion of the trial court and find no error in its holding. Accordingly, the judgment appealed is affirmed at appellant’s costs.
Affirmed.